Fannie Fern Howell et al., Appellees, v. City Gas & Electric Company, Appellant.

CONTRACTS—*when terminated by death.* A personal contract between two parties is terminated by the death of one of them.

Action in case. Appeal from the Circuit Court of Edgar county; the Hon. WILLIAM B. SCHOLFIELD, Judge, presiding. Heard in this court at the May term, 1910. Affirmed. Opinion filed December 7, 1910.

S. I. HEADLEY and W. H. CLINTON, for appellant.

H. S. TANNER and FRANK J. O'HAIR, for appellees.

MR. JUSTICE PHILBRICK delivered the opinion of the court.

Appellees were the owners of a residence property in the city of Paris, Edgar county, Illinois; appellant was the owner of a public heating plant in that city. During the lifetime of one J. W. Howell, who was the testator of appellees, connections were made from the pipes of the heating plant with the pipes in the residence of said Howell, and heat was furnished until his death. After his death appellees, feeling that they were not able to pay for thus heating the house, about October 1st, went to the office of appellant and informed it that appellees were the only persons occupying the house, and it being a very large house they did not wish to pay for the heat while the house was occupied

only by two persons, and informed appellant that they were expecting or wanted to secure roomers and as soon as they obtained roomers would want to use the heat again, but until such time requested appellant to turn off the heat.

The pipes of appellant were laid from the heating plant in the streets of the city of Paris, and connected with pipes on the property of its customers but in the case at bar the evidence does not disclose who owned the pipes from the property line at the street up to the valve and union joint where connection was made with the pipes leading to the radiators in the house of appellees. There was no basement in the house. This valve was located under the floors of the house. A connection known as a union joint was used to connect these pipes; it was located some four to six inches from the valve by which the heat was turned on and off and was between the valve and the pipes which connected with the radiators in the house. The system was a hot-water plant and appellant had furnished hot water through its pipes to the house of appellees. The hot water system required a return pipe through which the water, after circulating through the radiators, was then conducted back to the plant of appellant. This return pipe also had a union joint, which connected this return pipe with the pipes of appellees. On this return pipe was also a valve located about the same distance from the union.

The request made of appellant by H. H. Howell, one of the appellees, was that the hot water should be turned off only temporarily. Appellant sent one of its servants to the house; he crawled through a small opening in the foundation of the house to the point where the valves were located and closed both pipes by turning the valves as tight as they could be turned. This was the usual and customary method of making a temporary cut-off of the hot water. By turning the valve on the supply pipe the hot water was prevented from going into the pipes and by turning the valve on

the return pipe the water was prevented from returning from the radiators and pipes in the house to the plant. The pipes and radiators in the house were thus left filled with water.

After the hot water was cut off as requested by appellees, appellees then moved from the greater portion of their house and used stoves in the rooms occupied by them, leaving that portion unoccupied without any heat whatever. The pipes were left in this condition, cold weather came on and the water in the pipes froze, bursting the pipes and water escaping therefrom damaged the furniture and walls of appellees' house and this action is brought to recover for such damage.

The declaration in this case charges that the reason appellant shut the heat off from appellees' property was that the contract to furnish the same had expired and appellees had informed appellant that they would no longer continue to take the heat. It is insisted by appellant that the charge in the declaration being that the contract between appellees and appellant had expired and that appellees would not renew said contract for another season is not sustained by showing that appellees went to appellant and informed it they desired to discontinue the use of the heat temporarily. Upon this contention it is sufficient to say that the contract originally having been entered into by and between appellant and the testator of appellees and being a contract between testator and appellant, upon testator's death the contract was terminated by reason of the death of one of the parties, and that the contract having been thus terminated, proof that appellees did not further desire to continue the same at that time is sufficient to meet this allegation in the declaration.

The contention that the original contract was made with the father of appellees in his lifetime and that no contract having ever been made with appellees for furnishing heat, and for that reason appellant is not liable, is without merit.

Appellant insists that as only one of appellees re-

quested that the heat be shut off, therefore, there is no right of recovery by the other appellee. This contention is also without merit. Appellees each had an undivided interest in the premises and a request by one is sufficient to authorize a recovery by both even if there was no specific appointment or request that H. H. Howell act for both, his action could afterwards be adopted and ratified as was shown to have been done in this case by submitting to having the heat turned off by appellant.

The proof is that after the damage had been done and a plumber secured to stop further damage, that upon a disconnection of the unions upon the feed and return pipes, it was discovered that the valve which appellant had attempted to close upon the feed pipe was insufficient to make a complete closing of this pipe and after the unions were disconnected and the pipes drained it was found that water continued to run through this valve; that the water in the pipes which escaped into the rooms was warm water and the jury were fully warranted from the evidence in this case in finding that the appellant herein had not shut off or turned off the hot water heat as requested by appellees, and the failure to effectually shut off this water was the cause of the water escaping and causing the damage to appellees' house and furniture, and that it was the duty of appellant herein at the time of the turning of this valve to know and ascertain that the water was so completely and sufficiently shut off that it could not circulate into or through the radiators or pipes in appellees' house.

No complaint is made of the instructions given or refused in this case and the only question raised upon the record in this court is as to whether or not the evidence is sufficient to sustain this verdict and we cannot say the verdict is manifestly and clearly against the weight of the evidence and unless we are so convinced the judgment should not be disturbed.

The amount of damage recovered is not excessive

under the evidence and there being no prejudicial error in this record, the judgment below is affirmed.

*Affirmed.*